**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: KEYBANK CUSTOMER DATA SECURITY BREACH LITIGATION** | **MDL NO. 3056** |

**DEFENDANT OVERBY-SEAWELL COMPANY'S RESPONSE
IN PARTIAL SUPPORT OF MOTION TO CONSOLIDATE AND TRANSFER[1]**

Overby-Seawell Company ("OSC"), a defendant in each of the ten related actions pertinent to this proceeding (the "Related Actions"),[2] hereby submits, pursuant to Rule 6.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, this brief in partial support of the Motion for Transfer and Consolidation of Related Actions Pursuant to 28 U.S.C. § 1407 (the "Motion") (Doc. 1), submitted by Karen Martin and Michael Martin's ("Movants"), plaintiffs in one of the Related Actions (the "Martin Action").

For the reasons set forth herein, OSC supports consolidation and transfer of all ten Related Actions. However, OSC does not agree with Movants that the United States District Court for the Western District of Pennsylvania is the appropriate venue. Rather, OSC respectfully requests that this Court consolidate and transfer all Related Actions to the United States District Court for the Northern District of Georgia.

## INTRODUCTION AND BACKGROUND

Since August 30, 2022, OSC has been named as a defendant in ten (10) related federal lawsuits (the aforementioned "Related Actions"), each containing nearly identical claims arising

---

[1] Per the Panel's instruction, this response is being refiled so that it can be marked in the United States Judicial Panel on Multidistrict Litigation CM/ECF filing system as related to all ten relevant actions. The original filing appears at Docket No. 27. Additionally, per the updated Certificate of Service below, additional parties are being served via U.S. mail.

[2] Each of the ten Related Actions is listed below. Because three of these matters have not previously been brought to the Panel's attention, OSC will separately file a Notice of Tag-Along Actions regarding those actions.

out of an alleged data breach involving files maintained by OSC which concern customers of the

defendant banks.  Specifically, the Related Actions include eight matters purportedly brought by

or on behalf of customers of KeyBank N.A. ("KeyBank"):

1.   *Bozin, et al. v. KeyBank N.A., et al.¸* Case No. 1:22-cv-1536-CEF (N.D. Ohio)
     (filed 8/30/2022) (the "Bozin Action");

2.   *Samsel v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-03593-SDG (N.D. Ga.)
     (filed 9/6/2022) (the "Samsel Action");

3.   *Urciuoli, et al. v. KeyBank N.A., et al.*, Case No. 1:22-cv-01598-SO (N.D. Ohio)
     (filed 9/8/2022) (the "Urciuoli Action");

4.   *Marlowe v. Overby-Seawell Co. et al.*, Case No. 1:22-cv-03648-SDG (N.D. Ga.)
     (filed 9/9/2022) (the "Marlowe Action");

5.   *Martin, et al. v. KeyBank N.A., et al.*, Case No. 2:22-cv-01346-RJC (W.D. Pa.)
     (filed 9/20/2022) (the aforementioned "Martin Action");

6.   *Archer, et al. v. Overby-Seawell Company et al.*, Case No. 1:22-cv-0370-SDG
     (N.D. Ga.) (filed 9/20/2022) (the "Archer Action");

7.   *Brouty et al v. KeyBank National Association et al*., Case No: 1:2022-cv-01885
     (N.D. Ohio) (filed Oct. 19, 2022) (the "Brouty Action"); and

8.   *Pittman v. KeyBank N.A. et al.*, Case No. 2:22-cv-1513-RJC (W.D. Pa.) (filed
     10/26/2022) (the "Pittman Action")

(collectively, the "KeyBank Matters").  Additionally, the Related Actions include two matters

purportedly brought by or on behalf of customers of Fulton Bank:

1.   *Sheckard, et al. v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-03708-SDG
     (N.D. Ga.) (filed 9/14/2022) (the "Sheckard Action"); and

2.   *West v. Overby-Seawell Company et al.*, Case No. 1:22-CV-03858-SDG (N.D.
     Ga.) (filed 9/26/2022) (the "West Action")

(collectively, the "Fulton Bank Matters").

The plaintiffs in one of those cases, the Martin Action, have moved to transfer six (6) of

the KeyBank Matters to the Western District of Pennsylvania for coordinated pretrial

proceedings pursuant to 28 U.S.C. § 1407.  Other parties have instead sought transfer to the

Northern District of Georgia or the Northern District of Ohio where the other Related Actions are pending.  At least one group of plaintiffs, those in the Marlowe Action, has also sought to include the Fulton Bank Matters in this MDL proceeding.  (Dkt. 23).

As set forth below, OSC agrees that consolidation and transfer of the Related Actions is necessary to avoid duplicative proceedings, a waste of judicial resources, and the risk of inconsistent adjudications.   OSC respectfully submits, however, that the best venue for the consolidated cases is the Northern District of Georgia, which:   (1) is an easily accessible transportation hub; (2) has a significant nexus to the underlying actions as the headquarters of OSC, the company at which the alleged breach occurred; (3) is where half of the Related Actions are pending, before a judge with experience in data breach actions; and (4) has fewer MDL proceedings currently pending than the Western District of Pennsylvania.[3]

OSC further submits that, in the event this court determines the Northern District of Georgia is not a suitable venue, the Northern District of Ohio is the next best choice because it is centrally located, has a significant nexus to the parties in the underlying actions as both the headquarters of KeyBank and the state where half of the plaintiffs either live or chose to file suit, and also has fewer MDL proceedings currently pending than the Western District of Pennsylvania.[4]

## **ARGUMENT**

Because all of the Related Actions concern the same alleged data breach and include claims that are nearly identical, OSC agrees that transfer and consolidation is appropriate. However, the appropriate venue for transfer and consolidation of the Related Actions is the Northern District of Georgia.

---

[3] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-14-2022.pdf (last visited November 7, 2022).
[4] *Id.*

277247508v.1

I.       **The Related Actions Should Be Transferred and Consolidated**

Transfer and consolidation is appropriate where the actions at issue involve "one or more common questions of fact" and the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).   In determining whether to consolidate cases from multiple districts to a single district, the Judicial Panel on Multidistrict Litigation (the "Panel") "applies a threshold set of criteria," including: (1) whether the "underlying issues present common questions of fact" which are "complex, numerous, and incapable of resolution through other available procedures such as informal coordination;" (2) whether the "prudential and procedural factors support[] the necessity of centralization" and (3) whether there exists "an available and convenient transfer forum."  *See* Manual for Complex Litigation, § 22.33, pp. 366-367 (4th ed. 2004).

Here, the Related Actions are clearly premised on "one or more common questions of fact," as all of the Related Actions concern the same alleged data breach.  The issues involved are also sufficiently complex to warrant consolidation and transfer, as the Panel has routinely granted consolidation motions in similar alleged breaches.  *See, e.g., In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) ("In our judgment, a single MDL encompassing [all defendants] is necessary to ensure the just and efficient conduct of this litigation. In many situations, we are hesitant to bring together actions involving competing defendants, but when, as here, the actions stem from the same data breach, and there is significant overlap in the central factual issues, parties, proposed classes, and claims, we find that creation of a single MDL is warranted."); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019) ("The factual overlap among these actions is substantial, as they all arise from the same data breach, and they all allege that Marriott failed to put in to place reasonable data protections. … Centralization will eliminate duplicative

discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary."); *In re Uber Techs., Inc., Data Sec. Breach Litig.,* 304 F. Supp. 3d 1351, 1353 (J.P.M.L. 2018) ("Common factual questions are presented with respect to Uber's practices in safeguarding its users' personal information, the investigation into the breach, the alleged delay in disclosing the breach, and the nature of the alleged damages."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1354 (J.P.M.L. 2016) ("Common factual questions are presented with respect to Yahoo's practices in safeguarding its users' personal information, the investigation into the breach, the alleged delay in disclosing the breach, and the nature of the alleged damages."); *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016) ("Here, all actions stem from the same data breach, and we are persuaded that discovery concerning the breach, how and when it was identified, what security measures 21st Century had in place for securing patient data, and what steps it took after discovery of the breach will be common among the Florida and California actions and is likely to be complex and time-consuming.").

In this regard, Movants have advanced numerous complex factual and legal questions, including: (i) "whether Defendants owed a duty to Plaintiffs and other similarly situated class members to protect PII;" (ii) "whether Defendants failed to provide reasonable security to protect PII;" (iii) "whether Defendants negligently or otherwise improperly allowed PII to be accessed by third parties;" (iv) "whether Defendants failed to adequately notify Plaintiffs and similarly situated class members that its data systems were breached;" (v) "whether Plaintiffs and similarly situated class members suffered legally cognizable damages as a result of the … Data Breach, and, if so, in what amount;" and (vi) "whether Plaintiff and class members are entitled to declaratory judgement." (Dkt. 1-1, p. 9). These questions overlap significantly with those which justified

transfer and consolidation in *In re: Am. Med. Collection Agency Inc.*, 410 F. Supp. 3d at 1354 ("The common factual questions include: (1) AMCA's data security practices and whether they met industry standards; (2) how the unauthorized access occurred; (3) when defendants knew or should have known of the breach; (4) the investigation into the breach; and (5) the alleged delay in disclosure of the breach by all defendants.").

Further, in *In re: Am. Med. Collection Agency Inc.*, the Panel found that a single MDL was warranted, rather than multiple MDL proceedings, despite the fact that customers of multiple laboratories were allegedly impacted by the breach. *Id.* Similarly, the fact that customers of multiple banks were allegedly impacted by the breach at issue here also does not warrant separate proceedings. *See id.*; *see also In re Travel Agent Comm'n Antitrust Litig.*, 290 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) (consolidating cases and noting that "Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization" and "the presence of different nuances does not negate the existence of common questions of fact."). Rather, a single MDL encompassing both the KeyBank Matters and the Fulton Bank Matters is plainly the most efficient and just manner of proceeding.

Centralization under Section 1407 is also necessary here "in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Elec. Receptacle Prods. Liab. Litig.*, 313 F. Supp. 2d 1378, 1380 (J.P.M.L. April 8, 2004); *see also In re Elec. Data Sys. Corp. Sec. & "ERISA" Litig.*, 254 F. Supp. 2d 1375, 1376 (J.P.M.L. 2003) (centralization is "necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary"). Multiple actions would certainly require duplicative discovery, as each OSC witness would need

to appear multiple times for deposition, OSC would be required to respond to multiple sets of discovery which may not be entirely consistent, and each plaintiff group would be required to separately review OSC's responses, including potentially voluminous document productions. *See, e.g., In re Skelaxin (Metaxalone) Antitrust Litig.*, 856 F. Supp. 2d 1350, 1352 (J.P.M.L. 2012) (finding transfer appropriate where similar factual allegations "will likely require duplicative discovery and motion practice."). The various plaintiff groups also purport to represent overlapping classes asserting essentially the same or substantially similar claims. *See, e.g., In re The Progressive Corp. Ins. Underwriting & Rating Practices Litig.*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (transfer appropriate where plaintiffs sought to represent overlapping classes); *In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, 206 F. Supp. 2d 1371, 1372 (J.P.M.L. 2002) (same).

It further appears that transfer and consolidation under Section 1407 is the only way to ensure the just and efficient conduct of this litigation. The numerous parties have been discussing consolidation by other means for over a month and have not been able to come to an agreement. *See, e.g., In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d at 1358 ("The number of cases and law firms involved suggests that informal coordination with respect to discovery and other pretrial matters would not be practicable."). Even now, while it appears that most, if not all, parties will agree on consolidation, each apparently has its own recommendation for the proper venue. (*See, e.g.,* Dkt. 1-1, 22, 23). For the foregoing reasons, OSC agrees with Movants that consolidation and transfer of the Related Actions under Section 1407 is necessary to avoid duplicative proceedings, a waste of judicial resources, and the risk of inconsistent adjudications.

277247508v.1

## II.     <u>The Northern District of Georgia is the Proper Venue</u>

Although OSC agrees that transfer and consolidation is necessary, OSC does not agree with Movants that the Western District of Pennsylvania is the proper venue.  Rather, OSC respectfully requests that these matters be transferred to the Northern District of Georgia.  In this regard, in determining where the consolidated cases should be transferred, the Panel looks for "an available and convenient transfer forum, usually one that (1) is not overtaxed with other MDL cases, (2) has a related action pending on its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties."  *See* Manual for Complex Litigation, Fourth ("MCL, 4th") § 22.33, p. 367 (footnotes omitted).

The Northern District of Georgia is not overtaxed with other MDL proceedings.  There are currently only three (3) MDL proceedings pending in the district versus five (5) in the Western District of Pennsylvania.[5]  The Northern District of Georgia is also where half of the Related Actions were filed, including the Samsel Action, the Marlowe Action, the Archer Action, the Sheckard Action, and the West Action.  Those five actions are pending before Judge Steven D. Grimberg, who is familiar with the subject of this litigation and is currently presiding over an unrelated data breach case, *Tracy v. Elekta, Inc.,* 1:21-cv-02851-SDG (N.D. Ga.).  Most importantly, OSC – the company where the data breach allegedly occurred – is headquartered in Kennesaw, Georgia, near Atlanta.  Conversely, KeyBank is headquartered in Cleveland, Ohio, and Fulton Bank is headquartered in Lancaster, Pennsylvania.  As a result, the Western District of Pennsylvania is likely no more convenient than the Northern District of Georgia for those defendants.  Accordingly, the Northern District of Georgia best meets all of the Panel's criteria.

---

[5] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-14-2022.pdf (last visited November 7, 2022)

However, in the event that the Panel does not agree, OSC respectfully submits that the Northern District of Ohio is the next best venue. It is not overtaxed with other MDL proceedings, as there are also currently only three (3) MDL proceedings pending in the district.[6] The Northern District of Ohio also currently has three of the Related Actions pending, the Bozin Action, the Urciuoli Action, and the Brouty Action. Additionally, the plaintiffs in two of the Related Actions filed in the Northern District of Georgia, the Samsel Action and the Marlowe Action, actually reside in Ohio. As noted, KeyBank also has its headquarters in Cleveland. Thus, the Northern District of Ohio is either the chosen or a convenient forum for at least half of the plaintiffs and one of the defendant banks. It also has expertise with litigation of this type, as another unrelated data breach MDL is currently pending in the district, *In re: Sonic Corp. Customer Data Security Breach Litigation*, MDL No. 2807.[7]

For the foregoing reasons, OSC respectfully submits that the Northern District of Georgia is the proper venue in which to locate these MDL proceedings. In the alternative, OSC respectfully submits that the Northern District of Ohio is the next best venue.

## CONCLUSION

For all of the reasons set forth herein, OSC agrees that transfer and consolidation of the Related Actions under Section 1407 is necessary and appropriate but respectfully submits that the appropriate venue for transfer and consolidation is the Northern District of Georgia.

---

[6] *Id.*
[7] *Id.*

Dated: November 9, 2022                Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

/s/ Richard W. Boone Jr.
Richard W. Boone Jr.
150 E 42nd Street
New York, New York 10017
Phone:  212.915.5972
Fax:  212.490.3038
Email:  richard.boone@wilsonelser.com

*Attorneys for Defendant Overby-Seawell Company*

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Rule 4.1(a) of the Rules of Procedure of the United

States Judicial Panel on Multidistrict Litigation, on the 9th day of November, 2022, a true copy of

this DEFENDANT OVERBY-SEAWELL COMPANY'S RESPONSE IN PARTIAL SUPPORT

OF MOTION TO CONSOLIDATE AND TRANSFER was filed electronically with the United

States Judicial Panel on Multidistrict Litigation CM/ECF filing system, which will serve each of

the parties to this Multidistrict Litigation electronically, and further that true copies of each were

caused to be mailed by U.S. Mail, Postage Prepaid, along with the notice of electronic filing, to

the following:

| *Actions* | *Parties* |
|---|---|
| *Pittman v. KeyBank N.A. et al.*, Case No. 2:22-cv-1513-RJC (W.D. Pa.) | ***Counsel for Plaintiff Jacint Pittman:***<br><br>Alfred G. Yates , Jr.<br>Law Office of Alfred G. Yates, Jr., P.C.<br>1575 McFarland Road, Ste 305<br>Pittsburgh, PA 15216<br>412-391-5164<br>Email: yateslaw@aol.com<br><br>Joseph P. Guglielmo<br>Carey Alexander<br>Ethan Binder<br>Scott+Scott Attorneys At Law LLP<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>jguglielmo@scott-scott.com<br>calexander@scott-scott.com<br>ebinder@scott-scott.com |

| | |
|---|---|
| | **Counsel for Defendants KeyBank, National Association and KeyCorp:**<br><br>JAMES J. PASTORE, JR.<br>jjpastore@debevoise.com<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6793 |
| *Brouty et al., v. KeyBank National Association, et al.*, No. 1:22-cv-01885 (N.D. Ohio) | **Counsel for Plaintiffs Michael Brouty, Melissa D. Kaufman, and Lebertus Vanderwerff:**<br><br>JAMES J. PIZZIRUSSO<br>jpizzirusso@hausfeld.com<br>HAUSFELD LLP<br>888 16th Street, NW, Suite 300<br>Washington, D.C. 20006<br>Telephone: (202) 540-7200<br><br>STEVEN M. NATHAN<br>snathan@hausfeld.com<br>KATHERINE HANSSON<br>khansson@hausfeld.com<br>HAUSFELD LLP<br>33 Whitehall St., 14th Floor<br>New York, New York 10004<br>Telephone: (646) 357-1100<br><br>MARK ABRAMOWITZ<br>mabramowitz@dicellolevitt.com<br>DICELLO LEVITT LLC<br>Western Reserve Law Building<br>7556 Mentor Ave<br>Mentor, Ohio 44060<br>Telephone: (440) 953-8888 |

277247508v.1

| | |
|---|---|
| | *Counsel for Defendants KeyBank, National Association and KeyCorp:*<br><br>JAMES J. PASTORE, JR.<br>jjpastore@debevoise.com<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6793 |
| *Sheckard et al., v. Overby-Seawell Co. et al.,* No. 1:22-cv-03708 (N.D. Ga.) | *Counsel for Plaintiffs Scott Sheckard and Margaret Sheckard:*<br><br>BEN BARNOW<br>b.barnow@barnowlaw.com<br>ANTHONY L. PARKHILL<br>aparkhill@barnowlaw.com<br>RILEY W. PRINCE<br>rprince@barnowlaw.com<br>BARNOW AND ASSOCIATES, P.C.<br>205 West Randolph Street, Suite 1630<br>Chicago, Illinois 60606<br>Telephone: (312) 621-2000<br><br>JAMES M. EVANGELISTA<br>jim@ewlawllc.com<br>EVANGELISTA WORLEY, LLC<br>500 Sugar Mill Road, Suite 245A<br>Atlanta, Georgia 30350<br>Telephone: (404) 205-8400<br><br>KRISTI STAHNKE MCGREGOR<br>kristi@ewlawllc.com<br>EVANGELISTA WORLEY LLC<br>500 Sugar Mill Road, Suite 245a<br>Atlanta, GA 30350<br>Telephone (404) 205-8400<br><br>RILEY W. PRINCE<br>rprince@barnowlaw.com<br>BARNOW AND ASSOCIATES, P.C.<br>205 W. Randolph Street, Suite 1630<br>Chicago, IL 60606<br>Telephone (312) 621-2000 |

277247508v.1

| | |
|---|---|
| | ***Counsel for Defendant Fulton Bank, National Association:***<br><br>CHRISTOPHER A. WIECH<br>cwiech@bakerlaw.com<br>CHELSEA M. LAMB<br>clamb@bakerlaw.com<br>BAKER & HOSTETLER LLP<br>1170 Peachtree Street, N.E. Suite 2400<br>Atlanta, Georgia 30309<br>Telephone: (404) 459-0050 |
| *West, et al., v. Overby-Seawell, Co., et al,* No. 1:22-cv-03858 (N.D. Ga.) | ***Counsel for Plaintiff Joynequa West:***<br><br>MARYBETH V. GIBSON<br>mgibson@thefinleyfirm.com<br>THE FINLEY FIRM, P.C.<br>3535 Piedmont Road<br>Building 14, Suite 230<br>Atlanta, Georgia 30305<br>Telephone: (404) 978-6971<br><br>GARY M. KLINGER<br>gklinger@milberg.com<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, Illinois 60606<br>Telephone" (866) 252-0878<br><br>***Counsel for Defendant Fulton Bank, National Association:***<br><br>CHRISTOPHER A. WIECH<br>cwiech@bakerlaw.com<br>CHELSEA M. LAMB<br>clamb@bakerlaw.com<br>BAKER & HOSTETLER LLP<br>1170 Peachtree Street, N.E. Suite 2400<br>Atlanta, Georgia 30309<br>Telephone: (404) 459-0050 |

/s/ Richard W. Boone Jr.
Richard W. Boone Jr.

277247508v.1